

# THE ATTORNEY GENERAL
# OF TEXAS

**AUSTIN 11, TEXAS**

PRICE DANIEL
ATTORNEY GENERAL

September 21, 1951

Hon. Jesse James
State Treasurer
Treasury Department
Austin, Texas

Opinion No. V- 1291

Re: Legality of accepting from State
employees voluntary non-sub-
versive oaths which contain all
of the provisions mentioned in
the general appropriation bill
rider.

Dear Sir:

Your request for an opinion reads as follows:

"With reference to your opinion concern-
ing the retrospective portion of the non-subversive
oath rider in the general appropriation bill, it is
my understanding that this simply holds that such
part of the oath cannot be required as a prerequi-
site to payment of salaries because it was improp-
erly included in a general appropriation bill instead
of a general statute.

"I do not understand that you have ruled that
the entire oath or any part thereof would be uncon-
stitutional in a general law. Therefore, I am won-
dering if it would not be proper and legal for me to
accept voluntary oaths exactly as written in the
rider if I deem that as necessary information as to
my employees.

"Personally I want to sign the oath that I do
not now and have never belonged to any subversive
group and I would like to have the same informa-
tion from the employees of my department. I am
sure none of them have ever belonged to any such
groups and that all would voluntarily sign the en-
tire oath. I understand that is the procedure which
was followed in your department prior to the writ-
ing of your opinion on the subject.

"Is there anything to prohibit us as depart-
ment heads from gaining this information from
our employees voluntarily and considering such in-
formation in deciding what employees we desire to
retain in State employment?"

You have interpreted our Opinion No. V-1263 (1951) correctly. The retrospective portion of the "Non-Subversive Oath" required by the general appropriation bill for the biennium ending August 31, 1953 (Art. VI, Sec. 1, H.B. 426, Acts 52nd Leg., R.S. 1951, ch. 499, p. 1228) was held to be invalid because it was a subject of general legislation and therefore could not be constitutionally included within a general appropriation bill. We held that the retrospective portion of the oath cannot be required as a prerequisite to payment of State salaries, since it was improperly included in a general appropriation bill. We did not pass upon the question of whether the retrospective portion of the oath could have been required in a general statute nor whether such oaths may be obtained by heads of the State departments as an administrative matter in determining the background, loyalty, and character of employees and applicants for employment.

If you deem the information contained in the full oath as desirable and necessary information as to your employees, we know of no reason why the complete oath may not be accepted on a voluntary basis. Your office, our office, the Governor's office, and many of the other departments of the State government obtained execution of the complete oath by all employees prior to our Opinion No. V-1263. As an administrative matter, this office will continue to seek the entire information contained in the "Non-Subversive Oath" as written by the Legislature and accept voluntary execution thereof in order to obtain full knowledge of the background and loyalty of future applicants for employment. Needless to say, there is no reason why the heads of departments of the State government may not consider such information in deciding whether a person will be a proper and loyal employee.

Our State officers are required to take an oath to uphold and defend the Constitution and laws of the United States and of the State of Texas. A portion of that oath contained in Article XVI, Section 1, of the Texas Constitution reads as follows:

"'I, _____, do solemnly swear (or affirm), that I will faithfully execute the duties of the office of _____ of the State of Texas, and will to the best of my ability preserve, protect, and defend the Constitution and laws of the United States and of this State; . . .'"

In the discharge of our duties in accordance with the above oath, State officers are entitled to have employees who will

assist them in preserving, protecting,and defending the Constitution and laws of the State and Nation, and they have the right to employ only those persons who will so assist them in the discharge of their duties and the keeping of their oaths. There are available for State employment so many citizens of unquestioned loyalty that there is no reason to risk the performance of State jobs in the hands of anyone whose loyalty is questionable because of having knowingly and intentionally participated in a subversive organization.

Therefore, it is our opinion that it is entirely proper for you to obtain and consider the information contained in the complete text of the "Non-Subversive Oath" the same as any other information concerning the character, background, and loyalty of your employees and applicants for employment in order to be certain that you will have proper assistance from your employees in discharging the duties of your office in accordance with your Constitutional oath of office.

## SUMMARY

The head of a State department may accept and consider the complete "Non-Subversive Oath" contained in the general appropriation bill for the biennium ending August 31, 1953 (Art. VI, Sec. 1, H.B. 426, Acts 52nd Leg., R.S. 1951, ch. 499, p. 1228) on a voluntary basis as an administrative procedure in determining the background, character, and loyalty of his employees.

Every State officer is entitled to consider information concerning previous membership in subversive organizations in determining whether an employee can properly assist him in faithfully executing the duties of his office and in discharging his Constitutional oath "to preserve, protect and defend the Constitution and laws of the United States and of this State." Article XVI, Section 1, Texas Constitution.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

Charles D. Mathews
First Assistant

Price Daniel
Attorney General

By Everett Hutchinson
Everett Hutchinson
Executive Assistant